# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0175, <u>State of New Hampshire v. Kevin M. Ruel</u>, the court on May 14, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Kevin M. Ruel, appeals his conviction by a jury in Superior Court (<u>Howard</u>, J.) for felony reckless conduct. <u>See</u> RSA 631:3 (2016 & Supp. 2023). The indictment alleged that the defendant recklessly engaged in conduct which placed or may have placed his estranged wife, B.S., and their minor child in danger of serious bodily injury when the defendant "drove a motor vehicle that crossed the double yellow lines, and rammed the motor vehicle driven by" B.S. The defendant argues on appeal that, given the slow speed of the vehicles at the moment of impact, the State presented insufficient evidence to prove reckless conduct. We affirm.

I. <u>Background</u>

When the evidence is viewed in the light most favorable to the State, the jury could have found the following facts. On August 14, 2021, after the defendant told B.S. to leave his house, B.S. and the child left in B.S.'s motor vehicle. As they drove away, the defendant observed the child attempting to get out of the vehicle, prompting him to follow B.S. in his own vehicle. The defendant came up "pretty fast" behind B.S. in his vehicle and followed her within inches of her rear bumper. The defendant, traveling at approximately fifty to sixty miles per hour on a road with a posted speed limit of thirty miles per hour, tried to "come around [B.S.] onto the driver's side and get in front of [her] vehicle," and, in doing so, crossed the double yellow lines and traveled in the opposite lane of travel so that he was side-by-side with her vehicle. The defendant then sped up and got in front of B.S.'s vehicle, causing her to slam on her brakes and come to a full stop so that she did not hit the defendant's car.

Once B.S. was stopped, the defendant started to get out of his car and, to get away from him, B.S. drove around his vehicle in the opposite lane of travel. While B.S. was driving approximately twenty miles per hour, the defendant "turned into [the] oncoming lane of travel diagonally" in front of B.S.'s vehicle, striking her vehicle, causing the passenger's side front tire on B.S.'s vehicle to flatten, and running the car off the road.

II.    Analysis

"A person is guilty of reckless conduct if he recklessly engages in conduct which places or may place another in danger of serious bodily injury."  RSA 631:3, I.  "Reckless conduct is a class B felony if the person uses a deadly weapon as defined in RSA 625:11, V."  RSA 631:3, II.  "A person acts recklessly with respect to a material element of an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct."  RSA 626:2, II(c) (2016).

To convict the defendant of felony reckless conduct as charged in the indictment, the State had to prove: (1) he recklessly engaged in conduct "which placed or may have placed B.S., his estranged wife, and [their child], in danger of serious bodily injury, when he drove a motor vehicle that crossed the double yellow lines, and rammed the motor vehicle driven by B.S."; and (2) the motor vehicle, in the manner used by the defendant, "is known to be capable of causing death or serious bodily injury."  On appeal, the defendant argues that the evidence was insufficient to prove that he acted recklessly "with respect to a substantial risk that serious bodily injury would result from his act of steering his car into the path of B.S.'s, as she sought to drive past him after both came to a complete stop."  He asserts that "[b]ecause the contact happened at low speed, the State failed to carry its burden" as to that element of the crime.

A challenge to the sufficiency of the evidence raises a question of law, which we review de novo.  State v. Seibel, 174 N.H. 440, 445 (2021).  To prevail upon a challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt.  State v. Fiske, 170 N.H. 279, 288 (2017).  The defendant bears the burden of proving that the evidence was insufficient to prove guilt.  Seibel, 174 N.H. at 445.

The defendant's challenge to the sufficiency of the evidence is based solely on the fact that "the cars here collided at low speed, as B.S. began to drive after completely stopping immediately behind" the defendant's car.  Given the slow speed at the point of contact, the defendant asserts that the State failed to prove "that the collision posed a substantial risk of causing serious bodily injury."  We disagree.

The State asserts that "speed is only one factor which a fact-finder may consider in determining whether the defendant acted recklessly."  As the State argues, while B.S. was driving around twenty miles per hour, the defendant collided with her car at an angle at which she only had two equally dangerous choices: stop, or drive off the road.  We agree with the State that stopping in the opposite lane of traffic "may have caused other cars to collide head-on with

2

her car," while driving off the road, even at a low speed, could have caused her car to crash into the tree line; either choice created a substantial risk of serious bodily injury to B.S. and the child.

Accordingly, under the circumstances presented here, we decline to conclude that, as a matter of law, the slow speed of the vehicles rendered the evidence insufficient to prove that the defendant's conduct posed a substantial risk of causing serious bodily injury.

<u>Affirmed</u>.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred; HANTZ MARCONI, J., sat for oral argument but subsequently disqualified herself and did not participate in further review of the case.

**Timothy A. Gudas,**
**Clerk**